# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ALBERTO JAMES SANTIAGO SR.**                                                        **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:24-CV-311-GNS**

**SARA MICHAEL NICHOLSON**                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Alberto James Santiago Sr. initiated the instant *pro se* civil action and filed an application to proceed without prepayment of fees. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 5) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

Plaintiff initiated this action by filing a 36-page complaint/motion for an emergency injunction or restraining order (hereinafter "complaint"). The complaint is difficult to follow. However, based on Plaintiff's 18 attachments to the motion, it appears that Defendant Sara Michael Nicholson is the judge presiding over Plaintiff's mental health guardianship case in Jefferson District Court, *Commonwealth of Kentucky vs. Santiago*, No. 24-H-000317-011. One of the records submitted by Plaintiff is a Disability Judgment which was signed by Judge Nicholson on April 30, 2024, in which the court found that Plaintiff was "wholly disabled in managing his personal affairs and financial resources" and that "a guardian and conservator shall be appointed." (DN 1-7, pp. 8-9). On the same date, Judge Nicholson issued an Order of Appointment of Conservator in which she appointed the Cabinet for Health and Family Services (CHFS) as Plaintiff's conservator (DN 1-7, pp. 10-11) and an Order of Appointment of Guardian

in which she appointed the Cabinet for Health and Family Services as Plaintiff's guardian. (DN 1-7, pp. 14-15).

In the complaint, Plaintiff states that Judge Nicholson has violated his rights under Title II of the Americans with Disabilities Act; the Voting Accessibility for the Elderly and Handicapped Act; the Civil Rights of Institutionalized Persons Act; and Ky. Rev. Stat. §§ 344 and 347.030. He also claims that his rights have been violated under the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution as well as various provisions of the Kentucky Constitution.

Plaintiff first states that he did not agree to the orders issued in his case and that he had only agreed that he needed help with getting medicine and going to his medical appointments. Plaintiff specifically objects to someone else having control of his financial affairs. He states that he was not afforded the procedures that are required by state law before a court can determine that someone is disabled or appoint a guardian. He specifically alleges that he was never afforded the opportunity to testify or present any witnesses and that there was contradictory evidence from various doctors about whether Plaintiff was fully incapacitated. He also alleges that Judge Nicholson has made false statements about him to the Social Security Administration. Plaintiff concludes the complaint by asking for "my rights back."

Plaintiff also filed a second motion for an emergency injunction (DN 6). In this motion, Plaintiff states that he has no food in the house, no cleaning supplies to clean his apartment, no toilet paper, and no toothpaste. He states that he has not had any communication with his guardian or the CHFS. Plaintiff states that Judge Nicholson froze his bank account illegally on April 20, 2024, and that although he has had $1066.00 in his bank account since that date, no bills have been paid and credit card companies are calling him four or five times a day seeking payment. He also

states that his internet has been "cut" since no one has paid the bill. Plaintiff states that he spoke to his guardian on the date he filed this motion and was told that they had just obtained access to Plaintiff's bank account. Finally, Plaintiff asserts that he has filed a motion pertaining to these issues in his state-court action but that his court date is not until June 17, 2024.

## II.

Under § 1915(e)(2)(B), the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

**A. Judge Nicholson**

With limited exceptions, a judge performing judicial functions is absolutely immune from civil suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Thus, a judge has immunity for acts committed in error, with malice, or in excess of the judge's authority. *Id.* at 356-57. Immunity does not apply when the judge acts in a non-judicial capacity or "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Thus, because nothing in the complaint suggests that Judge Nicholson acted in a non-judicial capacity or in the absence of all jurisdiction, the Court must dismiss Plaintiff's claims against her for failure to state a claim upon which relief may be granted.

**B. *Younger* Abstention**

As to Plaintiff's request that his rights be restored, the *Younger* abstention doctrine "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 643. Abstention is mandated whether the

state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting *Younger* abstention are present in this case. The first condition for *Younger* abstention is satisfied because Plaintiff himself refers to his ongoing state-court guardianship/conservatorship proceedings. As to the second condition, the Commonwealth of Kentucky has declared its strong interest in guardianship/conservatorship matters by granting to its district courts authority over all aspects of such matters. *See generally* Ky. Rev. Stat. §§ 387.500-387.800 ("Guardianship and Conservatorship for Disabled Persons"); Ky. Rev. Stat. § 387.520(1) ("The District Courts shall have exclusive jurisdiction over all proceedings involving a determination of partial disability or disability, the modification of orders, the appointment and removal of guardians and conservators, and the management and settlement of their accounts."). Finally, as to the third condition, federal courts "must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). The federal plaintiff "bear[s] the burden of showing that state procedural law barred presentation of [his] constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted). Here, Plaintiff has not alleged that he is without an adequate state court remedy or that the Kentucky state courts would not fully and fairly litigate his constitutional claims. Indeed, Plaintiff states that he has filed a motion in his state-court action objecting to the orders that have been entered and that he has a court date set for June 17, 2024. Finally, Plaintiff has alleged no facts showing the existence of extraordinary circumstances barring the application of *Younger* abstention.

Thus, the Court concludes that the *Younger* abstention doctrine prevents the Court from providing Plaintiff the injunctive relief he seeks.

## IV.

For the reasons set forth herein, the Court will dismiss this action by separate Order.

Date: June 6, 2024

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant
4416.011